NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO NEPAMUCENO OLIVO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70903

Agency No. A087-765-034

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2021[**]
San Francisco, California

Before:  McKEOWN, FORREST, and BUMATAY, Circuit Judges.
Concurrence by Judge BUMATAY

Francisco Nepamuceno Olivo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

the Immigration Judge's ("IJ") decision denying his application for cancellation of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal under 8 U.S.C. § 1229b(b)(1). Because we lack jurisdiction over Nepamuceno Olivo's petition, we dismiss it.

Nepamuceno Olivo argues that the IJ and BIA erred in determining that he did not establish that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives because they failed to properly apply the legal standard to the undisputed facts. *See* 8 U.S.C. § 1229b(b)(1)(D). But as we have held, "we lack jurisdiction to review the IJ's subjective, discretionary determination that [a petitioner] did not demonstrate 'exceptional and extremely unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D)." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); *see also* 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law[,] . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b, [the cancellation of removal provision].").

Nonetheless, Nepamuceno Olivo argues that the Supreme Court's recent decision in *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020), establishes that his challenge falls within the exception to this jurisdictional bar set out in 8 U.S.C. § 1252(a)(2)(D), which provides that the limitation on judicial review in 8 U.S.C. § 1252(a)(2)(B)(i) "shall [not] be construed as precluding review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Specifically, Nepamuceno Olivo argues that *Guerrero-Lasprilla*'s conclusion that the phrase "questions of

law" in § 1252(a)(2)(D) includes "the application of a legal standard to undisputed or established facts," 140 S. Ct. at 1067, provides for judicial review of whether the BIA correctly applied the "exceptional and extremely unusual hardship" standard to the facts of his case.

Not so. Long before the Court concluded in *Guerrero-Lasprilla* that the phrase "questions of law" in § 1252(a)(2)(D) includes "the application of a legal standard to undisputed or established facts," *id.*, we concluded the same. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Accordingly, the principle announced by the Supreme Court in *Guerrero-Lasprilla* has long coexisted with our jurisprudence under § 1252, including our holding that the hardship determination is a subjective, discretionary determination that we lack jurisdiction to review. Thus, though we concluded nearly 15 years ago that we possess jurisdiction under § 1252(a)(2)(D) to review questions involving the application of statutes or regulations to undisputed facts, neither *Ramadan*'s holding, nor by extension the Court's holding in *Guerrero-Lasprilla*, "infringe[s] upon the rule that discretionary determinations are beyond our review." *De Mercado v. Mukasey*, 566 F.3d 810, 815 n.3 (9th Cir. 2009).

Nepamuceno Olivo also argues that the BIA lacked jurisdiction because the defective Notice to Appear ("NTA") that he received was not cured by the satisfactory notices that he subsequently received. His argument is foreclosed by

our precedent. In *Fermin v. Barr*, we held that any "lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case" because the proper remedy for such an error is simply providing "the complete notice at a later time." 958 F.3d 887, 895 (9th Cir. 2020).[1] Because this argument is foreclosed by our precedent, and because we lack jurisdiction to review the agency's determination that Nepamuceno Olivo failed to establish that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives, we dismiss his petition for review.

**PETITION DISMISSED.**

---

[1] This conclusion is not affected by *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which "concerns the requirements for a notice to appear to trigger the stop-time rule for cancellation of removal; [but] has no bearing on jurisdiction." *United States v. Sanchez*, No. 20-30084, ___ Fed. App'x ___ (9th Cir. July 14, 2021).

*Nepamuceno Olivo v. Garland*, No. 20-70903
BUMATAY, Circuit Judge, concurring:

As a matter of text, structure, and history, the "exceptional and extremely unusual hardship" determination under 8 U.S.C. § 1229b(b)(1)(D) appears to be a mixed question of law and fact. *See Trejo v. Garland*, 3 F.4th 760, 766–74 (5th Cir. 2021); *Singh v. Rosen*, 984 F.3d 1142, 1150–54 (6th Cir. 2021). Under recent Supreme Court precedent, we retain jurisdiction over such questions. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020).

I still concur with the court's decision to dismiss this petition for lack of jurisdiction, however, because binding precedent dictates that we treat the hardship determination as a discretionary question. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). We are accordingly precluded from reviewing petitioner's claim. *See* 8 U.S.C. § 1252(a)(2)(B).